STEVEN J. LEHMAN
CHRISTOPHER C. STONEBACK
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH P.L.L.P.
500 TRANSWESTERN PLAZA II
P. O. BOX 2529
BILLINGS, MT  59103-2529
TELEPHONE: (406) 252-3441

Attorneys for Defendant Rocky Mountain College

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| CHERYLE PETTIGREW, | Cause No.: CV-07-151-BLG-RFC |
| Plaintiff, | |
| vs. | **ROCKY MOUNTAIN COLLEGE'S MOTION FOR SUMMARY JUDGMENT** |
| ROCKY MOUNTAIN COLLEGE, | |
| Defendant. | |

  Defendant Rocky Mountain College moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on all of Plaintiff Cheryle Pettigrew's claims against Rocky Mountain College.

  Ms. Pettigrew alleges Rocky Mountain College discriminated against her by failing to accommodate her alleged disability in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Montana Human Rights Act.  To make out a *prima facie* case of discrimination, Ms. Pettigrew must show, *inter alia*, she is: (1) "disabled" under the Acts; and (2) "otherwise qualified" to remain a student in Rocky Mountain College's Physician Assistant Program.  *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045 (9th Cir. 1999).  To be "disabled," Ms. Pettigrew must show her learning disability substantially

limits a major life activity.  *Wong v. Regents of the University of California*, 410 F.3d 1052, 1063 (9th Cir. 2005).  To be "otherwise qualified," Ms. Pettigrew must show she can meet the Physician Assistant Program's essential academic requirements with reasonable accommodations, and that the accommodations would not fundamentally alter Rocky Mountain College's academic standards.  *Zukle*, 166 F.3d at 1045.

 Ms. Pettigrew is not "disabled" under the Acts because Ms. Pettigrew's learning disability does not substantially limit a major life activity.  Ms. Pettigrew's successes in academic and working environments do not demonstrate the substantial impact on a major life activity necessitated by the strict and demanding disabled standard.  Ms. Pettigrew's skills, moreover, are average, not substantially limited compared to the average individual.  Ms. Pettigrew is not "otherwise qualified" because untimed tests and examinations, Ms. Pettigrew's necessary and requested accommodation, are not reasonable accommodations, and would fundamentally alter the Physician Assistant Program's academic standards and integrity.

 Because Ms. Pettigrew cannot make a showing sufficient to establish the existence of elements essential to her claim, Rocky Mountain College respectfully requests that this Court grant Rocky Mountain College's Motion for Summary Judgment.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-323 (1986); Fed. R. Civ. P. 56(c).

 Rocky Mountain College's motion is supported by a contemporaneously filed brief and Statement of Undisputed Fact.  Plaintiff's counsel has been contacted and opposes Rocky Mountain College's Motion for Summary Judgment.

Dated this 3rd day of December 2008.

                        CROWLEY, HAUGHEY, HANSON,
                            TOOLE & DIETRICH P.L.L.P.

                        /s/   Christopher C. Stoneback
                      CHRISTOPHER C. STONEBACK
                      STEVEN J. LEHMAN
                      P. O. Box 2529
                      Billings, MT  59103-2529
                      Attorneys for Defendant Rocky Mountain College